## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

ANTHEM, INC.

                Plaintiff,

    vs.

EXPRESS SCRIPTS, INC.

                Defendant.

Civil Action No. 16 Civ. 2048

Hon. Edgardo Ramos

JURY TRIAL DEMANDED

## ANSWER

Plaintiff/Counterclaim Defendant Anthem, Inc. ("Anthem"), by and through its undersigned counsel, for its Answer to the counterclaims contained in the Answer and Amended Counterclaims dated June 13, 2016 of Defendant/Counterclaim Plaintiff Express Scripts, Inc. ("ESI") [Dkt. No. 33] (the "Counterclaims"), states as follows:[1]

## INTRODUCTION

1.    Paragraph 1 of the Answer and Amended Counterclaims is not part of the Counterclaims and therefore does not require a response.  To the extent a response is required, Anthem denies the first and second sentences of Paragraph 1 of the Answer and Amended Counterclaims, except admits that ESI is a provider of PBM services and that Anthem sold its in-house PBM services provider in 2009.   Anthem admits the third sentence of Paragraph 1 of the

---

[1] Anthem understands the Counterclaims requiring a response to begin at Paragraph 148 of ESI's Answer and Amended Counterclaims. To the extent the headings in the Counterclaims state legal conclusions or factual allegations, they are denied.  Unless otherwise defined herein, capitalized terms used herein have the same meaning as in the Counterclaims. To the extent the footnotes in the Answer and Amended Counterclaims state legal conclusions or factual allegations and are not otherwise addressed herein, they are denied.  To the extent a response is required to ESI's Affirmative Defenses, they are denied.

Answer and Amended Counterclaims.   Anthem denies the fourth and fifth sentences of Paragraph 1 of the Answer and Amended Counterclaims.

2.      Paragraph 2 of the Answer and Amended Counterclaims is not part of the Counterclaims and therefore does not require a response.  To the extent a response is required, Anthem denies the allegations in Paragraph 2 of the Answer and Amended Counterclaims and respectfully refers the Court to the PBM Agreement referenced therein for the complete and accurate contents thereof.

3.      Paragraph 3 of the Answer and Amended Counterclaims is not part of the Counterclaims and therefore does not require a response.  To the extent a response is required, Anthem denies the allegations in Paragraph 3 of the Answer and Amended Counterclaims and respectfully refers the Court to the PBM Agreement referenced therein for the complete and accurate contents thereof.

4.      Paragraph 4 of the Answer and Amended Counterclaims is not part of the Counterclaims and therefore does not require a response.  To the extent a response is required, Anthem denies the allegations of Paragraph 4 of the Answer and Amended Counterclaims and respectfully refers the Court to the PBM Agreement referenced therein for the complete and accurate contents thereof.

5.      Paragraph 5 of the Answer and Amended Counterclaims is not part of the Counterclaims and therefore does not require a response.  To the extent a response is required, Anthem denies the allegations in Paragraph 5 of the Answer and Amended Counterclaims.

6.      Paragraph 6 of the Answer and Amended Counterclaims is not part of the Counterclaims and therefore does not require a response.  To the extent a response is required, Anthem denies the allegations in Paragraph 6 of the Answer and Amended Counterclaims and

respectfully refers the Court to the PBM Agreement referenced therein for the complete and accurate contents thereof.

7.      Paragraph 7 of the Answer and Amended Counterclaims is not part of the Counterclaims and therefore does not require a response.  To the extent a response is required, Anthem denies the allegations in Paragraph 7 of the Answer and Amended Counterclaims, except Anthem admits that it has acted in good faith in accordance with PBM Agreement.

8.      Paragraph 8 of the Answer and Amended Counterclaims is not part of the Counterclaims and therefore does not require a response.  To the extent a response is required, Anthem denies the allegations in Paragraph 8 of the Answer and Amended Counterclaims.

9.      Paragraph 9 of the Answer and Amended Counterclaims is not part of the Counterclaims and therefore does not require a response.  To the extent a response is required, Anthem denies the allegations in the first, second, third, fourth, sixth, and seventh sentences in Paragraph 9 of the Answer and Amended Counterclaims and respectfully refers the Court to the PBM Agreement referenced therein for the complete and accurate contents thereof.  Anthem lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the fifth sentence of paragraph 9.

10.     Paragraph 10 of the Answer and Amended Counterclaims is not part of the Counterclaims and therefore does not require a response.  To the extent a response is required, Anthem denies the allegations in Paragraph 10 of the Answer and Amended Counterclaims.

11.     Paragraph 11 of the Answer and Amended Counterclaims is not part of the Counterclaims and therefore does not require a response.  To the extent a response is required, Anthem denies the allegations in Paragraph 11 of the Answer and Amended Counterclaims, except admits that it has commenced a lawsuit against ESI for breaches of the PBM Agreement

and respectfully refers the Court to Anthem's Complaint for the complete and accurate contents thereof.

12.     Paragraph 12 of the Answer and Amended Counterclaims is not part of the Counterclaims and therefore does not require a response.  To the extent a response is required, Anthem denies the first and second sentences in Paragraph 12 of the Answer and Amended Counterclaims.  Anthem denies the allegations in the third sentence of paragraph 12 of the Answer and Amended Counterclaims, including footnote 1, and respectfully refers the Court to the Form 8-K referenced therein for the complete and accurate contents thereof, except admits that Anthem has received no sanctions or civil monetary penalties from CMS during the PBM Agreement

13.     Paragraph 13 of the Answer and Amended Counterclaims is not part of the Counterclaims and therefore does not require a response.  To the extent a response is required, Anthem denies the allegations in the first sentence of Paragraph 13 of the Answer and Amended Counterclaims, except admits that ESI has committed operational breaches of the PBM Agreement.  Anthem denies the allegations of the second sentence of Paragraph 13 of the Counterclaims, except admits that in 2015 ESI adjudicated more than 175 million claims for Anthem.  Anthem denies the allegations of the third sentence of Paragraph 13 of the Answer and Amended Counterclaims.  Anthem admits the allegations of the fourth sentence of Paragraph 13 of the Answer and Amended Counterclaims.

14.     Paragraph 14 of the Answer and Counterclaims is not part of the Counterclaims and therefore does not require a response.  To the extent a response is required, Anthem denies the allegations in the first, second and third sentences of Paragraph 14 of the Answer and Amended Counterclaims and respectfully refers the Court to the referenced PBM Agreement for

the complete and accurate contents thereof.  Anthem admits the allegations of the fourth sentence of Paragraph 14 of the Answer and Amended Counterclaims.  Anthem denies the allegations in the fifth sentence of Paragraph 14 of the Answer and Amended Counterclaims and respectfully refers the Court to the referenced PBM Agreement for the complete and accurate contents thereof.

15.     Paragraph 15 of the Answer and Amended Counterclaims is not part of the Counterclaims and therefore does not require a response.  To the extent a response is required, Anthem denies the allegations of Paragraph 15 of the Answer and Amended Counterclaims.

16.     Paragraph 16 of the Answer and Amended Counterclaims is not part of the Counterclaims and therefore does not require a response.  To the extent a response is required, Anthem denies the allegations of Paragraph 16 of the Answer and Amended Counterclaims, except admits that ESI breached the PBM Agreement as set forth in Anthem's Complaint referenced therein and respectfully refers the Court to such Complaint for the complete and accurate contents thereof.

17.     Paragraph 17 of the Answer and Amended Counterclaims is not part of the Counterclaims and therefore does not require a response.  To the extent a response is required, Anthem denies the allegations of Paragraph 17 of the Answer and Amended Counterclaims, except admits that ESI has paid Anthem PG Penalties and respectfully refers the Court to the PBM Agreement referenced therein for the complete and accurate contents thereof.

18.     Paragraph 18 of the Answer and Amended Counterclaims is not part of the Counterclaims and therefore does not require a response.  To the extent a response is required, Anthem admits the allegations of the first sentence of Paragraph 18 of the Answer and Amended

Counterclaims.  Anthem denies the remainder of Paragraph 18 of the Answer and Amended Counterclaims.

19.     Paragraph 19 of the Answer and Amended Counterclaims is not part of the Counterclaims and therefore does not require a response.  To the extent a response is required, Anthem denies the allegations of Paragraph 19 of the Answer and Amended Counterclaims.

20.     Paragraph 20 of the Answer and Amended Counterclaims is not part of the Counterclaims and therefore does not require a response.  To the extent a response is required, Anthem denies the allegations of Paragraph 20 of the Answer and Amended Counterclaims, except admits that ESI breached the PBM Agreement as set forth in Anthem's Complaint referenced therein and respectfully refers the Court to such Complaint for the complete and accurate contents thereof.

21.     Paragraph 21 of the Answer and Amended Counterclaims is not part of the Counterclaims and therefore does not require a response.  To the extent a response is required, Anthem denies the allegations of Paragraph 21 of the Answer and Amended Counterclaims.

## NATURE OF THE ACTION

22.     Anthem denies the allegations in Paragraph 148 of the Counterclaims.

23.     Anthem denies the allegations of Paragraph 149 of the Counterclaims, except admits that ESI purchased Anthem's in-house PBM provider, NextRx, in 2009, and respectfully refers the Court to the NextRx Agreement and the PBM Agreement referenced therein for the complete and accurate contents thereof.

24.     Anthem denies the allegations of Paragraph 150 of the Counterclaims.

25.     Anthem denies the allegations in Paragraph 151 of the Counterclaims.

26.     Anthem denies the allegations in paragraph 152 of the Counterclaims, and respectfully refers the Court to the PBM Agreement and Counterclaims referenced therein for the complete and accurate contents thereof.

27.     The first sentence of Paragraph 153 of the Counterclaims contains legal conclusions to which no response is required.  To the extent a response is required, Anthem denies the allegations in the first sentence of Paragraph 153 of the Counterclaims.  Anthem denies the allegations in the second, third and fourth sentences of Paragraph 153 of the Counterclaims.

28.     Anthem denies the allegations in Paragraph 154 of the Counterclaims.

29.     The first sentence of Paragraph 155 of the Counterclaims contains legal conclusions to which no response is required.  To the extent a response is required, Anthem denies the allegations in the first sentence of Paragraph 155 of the Counterclaims.  Anthem denies the allegations in the second and third sentences of Paragraph 155 of the Counterclaims.

30.     Paragraph 156 contains legal conclusions to which no response is required.  To the extent a response is required, Anthem denies the allegations in Paragraph 156 of the Counterclaims.

## THE PARTIES

31.     Anthem admits the allegations in paragraph 157 of the Counterclaims.

32.     Anthem admits the allegations of the first, second, third and fourth sentences of Paragraph 158 of the Counterclaims.  Anthem denies the allegations of the fifth sentence of Paragraph 158 of the Counterclaims, except admits that, after changing its corporate name to Anthem, Inc., Anthem continued to have all the rights and obligations of Wellpoint, Inc. under the PBM Agreement.

## JURISDICTION

33.     The allegations in Paragraph 159 state a legal conclusion to which no response is required.

34.     Paragraph 160 of the Counterclaims contains legal conclusions to which no response is required.

35.     Paragraph 161 of the Counterclaims contains legal conclusions to which no response is required.

## STATEMENT OF FACTS

36.     Anthem admits the allegations in the first sentence of Paragraph 162 of the Counterclaims.  Anthem denies the remaining allegations in Paragraph 162 of the Counterclaims, and respectfully refers the Court to the referenced letter from CMS to Krista Bowers for the complete and accurate contents thereof.

37.     Anthem denies the allegations of the first sentence of Paragraph 163 of the Counterclaims.  Anthem admits the allegations of the second sentence of Paragraph 163 of the Counterclaims. Anthem denies the allegations of the third sentence of Paragraph 163 of the Counterclaims.  Anthem denies the allegations of the fourth sentence of Paragraph 163 of the Counterclaims and respectfully refers the Court to the 10-Q referenced therein for the complete and accurate contents thereof.  Anthem admits the allegations of the fifth sentence of Paragraph 163 of the Counterclaims.  Anthem denies the allegations of the sixth sentence of Paragraph 163 of the Counterclaims and respectfully refers the Court to the NextRx Agreement and the PBM Agreement referenced therein for the complete and accurate contents thereof.

38.     Anthem denies the allegations of Paragraph 164 of the Counterclaims.

39.     Anthem denies the allegations of Paragraph 165 of the Counterclaims.

40.     Anthem denies the allegations in Paragraph 166 of the Counterclaims.

41.     Anthem denies the allegations in Paragraph 167 of the Counterclaims and respectfully refers the Court to the referenced NextRx Agreement and PBM Agreement for the complete and accurate contents thereof.

42.     Anthem denies the allegations of Paragraph 168 of the Counterclaims and respectfully refers the Court to the referenced PBM Agreement for the complete and accurate contents thereof.

43.     Anthem denies the allegations of Paragraph 169 of the Counterclaims and respectfully refers the Court to the PBM Agreement for the complete and accurate contents thereof.

44.     Anthem denies the allegations in Paragraph 170 of the Counterclaims.

45.     Anthem denies the allegations in Paragraph 171 of the Counterclaims and respectfully refers the Court to the referenced PBM Agreement for the complete and accurate contents thereof.

46.     Anthem denies the allegations in Paragraph 172 of the Counterclaims and respectfully refers the Court to the referenced PBM Agreement for the complete and accurate contents thereof.

47.     Anthem denies the allegations in Paragraph 173 of the Counterclaims, except admits that Anthem retained Truveris and Milliman to perform a market analysis and respectfully refers the Court to the referenced document for the complete and accurate contents thereof.

48.     Anthem denies the allegations of Paragraph 174 of the Counterclaims and respectfully refers the Court to the referenced document for the complete and accurate contents thereof.

49.     Anthem denies the allegations of Paragraph 175 of the Counterclaims, except admits that the parties entered into an Amendment 4 to the PBM Agreement and respectfully refers the Court to that Amendment 4 for the complete and accurate contents thereof.

50.     Anthem denies the allegations in Paragraph 176 of the Counterclaims except admits that Brian Griffin became the President of Anthem's Pharmacy Division on or about April 2014.

51.     Anthem denies the allegations in Paragraph 177 of the Counterclaims, and respectfully refers the Court to the document referenced therein for the complete and accurate contents thereof.

52.     Anthem denies the allegations in Paragraph 178 of the Counterclaims and respectfully refers the Court to the referenced PBM Agreement for the complete and accurate contents thereof.

53.     Anthem denies the allegations in Paragraph 179 of the Counterclaims and respectfully refers the Court to the referenced PBM Agreement for the complete and accurate contents thereof.

54.     Anthem denies the allegations in Paragraph 180 of the Counterclaims and respectfully refers the Court to the referenced transcript from the March 2, 2015 Cowen Health Care Conference for the complete and accurate contents thereof.

55.     Anthem denies the allegations in Paragraph 181 of the Counterclaims.

56.     Anthem denies the allegations in Paragraph 182 of the Counterclaims and respectfully refers the Court to the referenced August 29, 2014 e-mail for the complete and accurate contents thereof.

57.     Anthem denies the allegations in Paragraph 183 of the Counterclaims.

58.     Anthem denies the allegations in Paragraph 184 of the Counterclaims.

59.     Anthem denies the allegations in Paragraph 185 of the Counterclaims and respectfully refers the Court to the referenced documents for the complete and accurate contents thereof.

60.     Anthem denies the allegation in Paragraph 186 of the Counterclaims.

61.     Anthem denies the allegations of Paragraph 187 of the Counterclaims, except admits that Anthem's third-party consultant, Health Strategy, LLC ("Health Strategy") conducted a market analysis in connection with the referenced Periodic Pricing Review.

62.     The allegations of Paragraph 188 of the Counterclaims are too vague to be answered and, on that basis, Anthem denies those allegations.

63.     Anthem denies the allegations in Paragraph 189 of the Counterclaims.

64.     Anthem denies the allegations in Paragraph 190 of the Counterclaims.

65.     Anthem denies the allegations in Paragraph 191 of the Counterclaims except admits that ESI is overcharging Anthem approximately $13 billion over the remaining term of the PBM Agreement plus $1.8 billion during the post-termination transition period.

66.     Anthem denies the allegations of Paragraph 192 of the Counterclaims and respectfully refers the Court to the referenced transcript from the September 30, 2014 Leerink Partners Services Roundtable for the complete and accurate contents thereof.

67.     Anthem denies the allegations of Paragraph 193 of the Counterclaims and respectfully refers the Court to the referenced transcript of the June 22, 2015 Anthem conference call for the complete and accurate contents thereof.

68.     Anthem denies the allegations of Paragraph 194 of the Counterclaims and respectfully refers the Court to referenced transcript for the September 2015 Morgan Stanley Global Health Care Conference for the complete and accurate contents thereof.

69.     Anthem denies the allegations of Paragraph 195 of the Counterclaims.

70.     Anthem denies the allegations in Paragraph 196 of the Counterclaims.

71.     Anthem denies the allegations in Paragraph 197 of the Counterclaims, except admits that ESI has made pricing proposals to Anthem and that the parties have not reached agreement.

72.     Anthem denies the allegations of the first and second sentences of Paragraph 198 of the Counterclaims.  The allegations of the third, fourth and fifth sentences of Paragraph 198 of the Counterclaims are too vague to be answered and, on that basis, Anthem denies those allegations.  Anthem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth sentence of Paragraph 198 of the Counterclaims.  Anthem denies the allegations of the seventh sentence of Paragraph 198 of the Counterclaims.

73.     Anthem denies the allegations in the first sentence of Paragraph 199 of the Counterclaims, except admits that in 2015 ESI adjudicated more than 175 million claims for Anthem.   Anthem denies the allegations in the second sentence of Paragraph 199 of the Counterclaims.   Anthem admits the allegations in the third sentence of Paragraph 199 of the Counterclaims.   Anthem lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 199 of the Counterclaims.

74.     Anthem denies the allegations of Paragraph 200 of the Counterclaims, except admits that Anthem has tried to work with ESI to resolve ESI's operational failures under the PBM Agreement.

75.     Anthem denies the allegations of Paragraph 201 of the Counterclaims, except admits that Anthem admits sent ESI a letter on February 16, 2015 and respectfully refers the Court to the referenced letter for the complete and accurate contents thereof.

76.     Anthem denies the allegations of Paragraph 202 of the Counterclaims.

77.     Anthem denies the allegations of Paragraph 203 of the Counterclaims, except admits that it has commenced a lawsuit against ESI for, among other things, operational breaches of the PBM Agreement and respectfully refers the Court to Anthem's Complaint for the complete and accurate contents thereof.

## FIRST CAUSE OF ACTION
(Breach of Contract – Failure to Negotiate Proposed New Pricing Terms in Good Faith)

78.     With respect to Paragraph 204 of the Counterclaims, Anthem repeats its responses to Paragraphs 1-21 and 148-203 of the Answer and Amended Counterclaims.

79.     Anthem admits the allegations of Paragraph 205 of the Counterclaims.

80.     Anthem admits the allegations in Paragraph 206 of the Counterclaims.

81.     Anthem denies the allegations of Paragraph 207 of the Counterclaims and respectfully refers the Court to Section 5.6 of the PBM Agreement for the complete and accurate contents thereof.

82.     Anthem denies the allegations in Paragraph 208 of the Counterclaims.

83.     Anthem denies the allegations in Paragraph 209 of the Counterclaims.

84.     Anthem denies the allegations in Paragraph 210 of the Counterclaims.

## SECOND CAUSE OF ACTION

(Breach of Implied Covenant of Good Faith and Fair Dealing – PBM Agreement)

85. With respect to Paragraph 211 of the Counterclaims, Anthem repeats its responses to Paragraphs 1-21 and 148-210 of the Answer and Amended Counterclaims.

86. Paragraph 212 of the Counterclaims relates to a Counterclaim that has been dismissed and therefore no response is required to Paragraph 212.   To the extent a response is required, Anthem responds that Paragraph 212 of the Counterclaims contains legal conclusions to which no response is required.

87. Paragraph 213 of the Counterclaims relates to a Counterclaim that has been dismissed and therefore no response is required to Paragraph 213.   To the extent a response is required, Anthem responds that Paragraph 213 of the Counterclaims contains legal conclusions to which no response is required.

88. Paragraph 214 of the Counterclaims relates to a Counterclaim that has been dismissed and therefore no response is required to Paragraph 214.  To the extent a response is required, Anthem denies the allegations in Paragraph 214 of the Counterclaims.

89. Paragraph 215 of the Counterclaims relates to a Counterclaim that has been dismissed and therefore no response is required to Paragraph 215.   To the extent a response is required, Anthem denies the allegations in Paragraph 215 of the Counterclaims.

90. Paragraph 216 of the Counterclaims relates to a Counterclaim that has been dismissed and therefore no response is required to Paragraph 216.   To the extent a response is required, Anthem denies the allegations in Paragraph 216 of the Counterclaims.

91. Paragraph 217 of the Counterclaims relates to a Counterclaim that has been dismissed and therefore no response is required to Paragraph 217.   To the extent a response is required, Anthem denies the allegations in Paragraph 217 of the Counterclaims.

92.     Paragraph 218 of the Counterclaims relates to a Counterclaim that has been dismissed and therefore no response is required to Paragraph 218.   To the extent a response is required, Anthem denies the allegations in Paragraph 218 of the Counterclaims.

### THIRD CAUSE OF ACTION
<u>(Declaratory Judgment – Anthem Does Not Have a Contractual Right to Any New Pricing Concessions)</u>

93.     With respect to Paragraph 219 of the Counterclaims, Anthem repeats its responses to Paragraphs 1-21 and 148-218 of the Answer and Amended Counterclaims.

94.     Anthem admits the allegations in Paragraph 220 of the Counterclaims.

95.     Anthem admits the allegations in Paragraph 221 of the Counterclaims.

96.     Anthem denies the allegations in Paragraph 222 of the Counterclaims.

97.     Anthem denies the allegations of Paragraph 223 of the Counterclaims and respectfully refers the Court to Section 5.6 of the PBM Agreement for the complete and accurate contents thereof.

98.     Anthem denies the allegations in Paragraph 224 of the Counterclaims.

99.     Anthem denies the allegations in Paragraph 225 of the Counterclaims.

100.     The allegations in Paragraph 226 of the Counterclaims state a legal conclusion which does not require a response.   To the extent a response is required, Anthem denies the allegations in paragraph 226 of the Counterclaims, except to the extent Anthem is seeking a declaratory judgment.

101.     The allegations in Paragraph 227 of the Counterclaims state a legal conclusion which does not require a response.   To the extent a response is required, Anthem denies the allegations in paragraph 227 of the Counterclaims, except to the extent Anthem is seeking a declaratory judgment.

102.    The allegations in Paragraph 228 of the Counterclaims state a legal conclusion which does not require a response.  To the extent a response is required, Anthem denies the allegations in paragraph 228 of the Counterclaims, except to the extent Anthem is seeking a declaratory judgment.

103.    The allegations in Paragraph 229 of the Counterclaims state a legal conclusion which does not require a response.  To the extent a response is required, Anthem denies the allegations in paragraph 228 of the Counterclaims.

**FOURTH CAUSE OF ACTION**
<u>(Declaratory Judgment – Timing of Periodic Pricing Reviews)</u>

104.    With respect to Paragraph 230 of the Counterclaims, Anthem repeats its responses to Paragraphs 1-21 and 148-229 of the Answer and Amended Counterclaims.

105.    Anthem admits the allegations in Paragraph 231 of the Counterclaims.

106.    Anthem admits the allegations in Paragraph 232 of the Counterclaims.

107.    Anthem denies the allegations in Paragraph 233 of the Counterclaims.

108.    Anthem denies the allegations of Paragraph 234 of the Counterclaims and respectfully refers the Court to Section 5.6 of the PBM Agreement for the complete and accurate contents thereof.

109.    Anthem admits the allegations in Paragraph 235 of Counterclaims.

110.    Anthem denies the allegations in Paragraph 236 of the Counterclaims, except admits that Anthem proposed pricing terms to ESI on January 14, 2013.

111.    Anthem denies the allegations in Paragraph 237 of the Counterclaims, except admits that periodic pricing reviews under Section 5.6 of the PBM Agreement are to take place before the three-year anniversary date so that new pricing terms go into effect on December 1, 2015.

112.    Anthem denies the allegations in Paragraph 238 of the Counterclaims.

113.    The allegations in Paragraph 239 of the Counterclaims state a legal conclusion which does not require a response.  To the extent a response is required, Anthem denies the allegations in paragraph 239 of the Counterclaims.

114.    The allegations in Paragraph 240 of the Counterclaims state a legal conclusion which does not require a response.  To the extent a response is required, Anthem denies the allegations in paragraph 240 of the Counterclaims, except to the extent Anthem is seeking a declaratory judgment.

115.    The allegations in Paragraph 241 of the Counterclaims state a legal conclusion which does not require a response.  To the extent a response is required, Anthem denies the allegations in paragraph 241 of the Counterclaims, except to the extent Anthem is seeking a declaratory judgment.

116.    The allegations in Paragraph 242 of the Counterclaims state a legal conclusion which does not require a response.  To the extent a response is required, Anthem denies the allegations in paragraph 242 of the Counterclaims.

**FIFTH CAUSE OF ACTION**
(Declaratory Judgment – Anthem Does Not Have the Right to Terminate the PBM Agreement)

117.    With respect to Paragraph 243 of the Counterclaims, Anthem repeats its responses to Paragraphs 1-21 and 148-242 of the Answer and Amended Counterclaims.

118.    Anthem admits the allegations in Paragraph 244 of the Counterclaims.

119.    Anthem admits the allegations in Paragraph 245 of the Counterclaims.

120.    Anthem denies the allegations in Paragraph 246 of the Counterclaims.

121.    Anthem denies the allegations in Paragraph 247 of the Counterclaims and respectfully refers the Court to the referenced PBM Agreement for the complete and accurate contents thereof.

122.    Anthem denies the allegations in Paragraph 248 of the Counterclaims.

123.    Anthem denies the allegations in Paragraph 249 of the Counterclaims.

124.    Anthem denies the allegations in Paragraph 250 of the Counterclaims.

125.    The allegations in Paragraph 251 of the Counterclaims state a legal conclusion which does not require a response.  To the extent a response is required, Anthem denies the allegations in paragraph 251 of the Counterclaims.

126.    The allegations in Paragraph 252 of the Counterclaims state a legal conclusion which does not require a response.  To the extent a response is required, Anthem denies the allegations in paragraph 252 of the Counterclaims, except to the extent Anthem is seeking a declaratory judgment.

127.    The allegations in Paragraph 253 of the Counterclaims state a legal conclusion which does not require a response.  To the extent a response is required, Anthem denies the allegations in paragraph 253 of the Counterclaims, except to the extent Anthem is seeking a declaratory judgment.

128.    The allegations in Paragraph 254 of the Counterclaims state a legal conclusion which does not require a response.  To the extent a response is required, Anthem denies the allegations in paragraph 254 of the Counterclaims.

**SIXTH CAUSE OF ACTION**
(Unjust Enrichment)

129.    With respect to Paragraph 255 of the Counterclaims, Anthem repeats its responses to Paragraphs 1-21 and 148-254 of the Answer and Amended Counterclaims.

130.    Paragraph 256 of the Counterclaims relates to a Counterclaim that has been dismissed and therefore no response is required to Paragraph 256.   To the extent a response is required, Anthem denies the allegations in Paragraph 256 of the Counterclaims.

131.    Paragraph 257 of the Counterclaims relates to a Counterclaim that has been dismissed and therefore no response is required to Paragraph 257.   To the extent a response is required, Anthem denies the allegations in Paragraph 257 of the Counterclaims.

132.    Paragraph 258 of the Counterclaims relates to a Counterclaim that has been dismissed and therefore no response is required to Paragraph 258.   To the extent a response is required, Anthem denies the allegations in Paragraph 258 of the Counterclaims.

133.    Paragraph 259 of the Counterclaims relates to a Counterclaim that has been dismissed and therefore no response is required to Paragraph 259.   To the extent a response is required, Anthem denies the allegations in Paragraph 259 of the Counterclaims.

134.    Paragraph 260 of the Counterclaims relates to a Counterclaim that has been dismissed and therefore no response is required to Paragraph 260.   To the extent a response is required, Anthem responds that Paragraph 260 of the Counterclaims contains legal conclusions to which no response is required.   To the extent a response is required, Anthem denies the allegations of Paragraph 260 of the Counterclaims.

## **GENERAL DENIALS**

135.    Unless specifically admitted above, Anthem denies each and every allegation in the Counterclaims.  Anthem further denies that ESI entitled to judgment in its favor or for any relief, including the relief requested in ESI's "Prayer for Relief."

## **AFFIRMATIVE DEFENSES**

136.    As separate and distinct defenses to the Counterclaims, and each of ESI's alleged

causes of action, Anthem, without conceding that it bears the burden of proof as to any of them and without in any way admitting any of the allegations of the Counterclaims, alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

137.   ESI's Counterclaims are barred, in whole or in part, because of ESI's failure to state a claim.

### SECOND AFFIRMATIVE DEFENSE

138.   ESI's Counterclaims are barred, in whole or in part, by the equitable doctrines of unclean hands, estoppel, laches, and waiver.

### THIRD AFFIRMATIVE DEFENSE

139.   ESI's Counterclaims are barred, in whole or in part, because Anthem did not breach the terms of the PBM Agreement.

### FOURTH AFFIRMATIVE DEFENSE

140.   ESI's Counterclaims are barred, in whole or in part, on the ground that ESI failed to comply with the terms of the PBM Agreement, including, and without limitation, Section 5.6.

### FIFTH AFFIRMATIVE DEFENSE

141.   ESI's Counterclaims are barred, in whole or in part, on the ground that ESI breached the implied covenant of good faith and fair dealing.

### SIXTH AFFIRMATIVE DEFENSE

142.   ESI's Counterclaims are barred, in whole or in part, on the ground of accord and satisfaction.

### SEVENTH AFFIRMATIVE DEFENSE

143.   ESI's Counterclaims are barred, in whole or in part, because ESI suffered no harm, injuries or damages.

## RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

144.    Anthem gives notice that it intends to rely upon other further defenses as may be revealed and available during pretrial proceedings in this action and hereby reserves all rights to amend this Answer and assert all such defenses.

DATED:        April 14, 2017

WHITE & CASE LLP

*/s/ Glenn M. Kurtz*

Glenn M. Kurtz
Claudine Columbres
Robert Tiedemann
1155 Avenue of the Americas
New York, NY 10036
Telephone:  (212) 819-8200

*Attorneys for Plaintiff Anthem, Inc.*