UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHEM, INC., <br><br> Plaintiff, <br><br> – against – <br><br> EXPRESS SCRIPTS, INC., <br><br> Defendant. | **OPINION AND ORDER** <br><br> 16 Civ. 2048 (ER) |

Ramos, D.J.:

Pursuant to the Court's January 17, 2019 order, Express Scripts, Inc., ("ESI") submitted a privilege log, a chronology of its retention of Milliman, Inc., a consulting company, and documents in its possession and in the possession of Milliman. Anthem has also submitted a chronology of ESI's retention of Milliman, as well as supporting documents. Both parties have submitted these documents under seal and for *in camera* review. ESI has invoked the work-product, attorney-client, and non-testifying expert privileges as reasons for withholding production of the documents in its possession.

For the work-product privilege, "[a] document will be protected if, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained *because of* the prospect of litigation." *Schaeffler v. United States*, 806 F.3d 34, 43 (2d Cir. 2015) (internal quotation marks and citation omitted). "Conversely, protection will be withheld from documents that are prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation." *Id.* (internal quotation marks and citation omitted). Nevertheless, those materials prepared or obtained because of the prospect of litigation may be discovered if "the party shows

that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii).

"The attorney-client privilege protects confidential communications between client and counsel made for the purpose of obtaining or providing legal assistance." *In re Cty. of Erie*, 473 F.3d 413, 418 (2d Cir. 2007). "A party invoking the attorney-client privilege must show (1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice." *Id.* at 419.

For the non-testifying expert privilege, "[o]rdinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(D). This privilege does not apply when a party shows "exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." Fed. R. Civ. P. 26(b)(4)(D)(ii).

With these precedents in mind, the Court has reviewed ESI's corrected privilege log (attached as Exhibit 2 to its January 24, 2019 letter), the parties' chronologies, and the remaining documents that were submitted for *in camera* review. It finds that ESI has properly invoked the work-product, non-testifying expert, and attorney-client privileges for every document identified by the privilege log and obtained from Milliman, a non-testifying expert, "because of the prospect of litigation," *Schaeffler*, 806 F.3d at 43. This includes the following Entry Numbers:

- Entry No. 31432: May 28, 2015 email prepared in anticipation of litigation and requesting legal advice of counsel regarding legal issues related to contract interpretation in connection with the second periodic pricing review.

2

- Entry No. 46350: June 3, 2015 email chain prepared in anticipation of litigation and reflecting legal advice of counsel regarding legal issues related to the pricing issues.
- Entry No. 47314: June 3, 2015 email chain prepared in anticipation of litigation and reflecting legal advice of counsel regarding legal issues related to the pricing issues.
- Entry No. 47315: June 3, 2015 email chain prepared in anticipation of litigation and reflecting legal advice of counsel regarding legal issues related to the pricing issues.
- Entry No. 47316: June 3, 2015 email chain prepared in anticipation of litigation and reflecting legal advice of counsel regarding legal issues related to the pricing issues.
- Entry No. 47317: June 3, 2015 email chain prepared in anticipation of litigation and reflecting legal advice of counsel regarding legal issues related to the pricing issues.
- Entry No. 47318: June 3, 2015 email chain prepared in anticipation of litigation and reflecting legal advice of counsel regarding legal issues related to the pricing issues.
- Entry No. 47313: June 3, 2015 email chain prepared in anticipation of litigation and requesting legal advice of counsel regarding legal issues related to the pricing issues.
- Entry No. 31608: June 4, 2015 email chain prepared in anticipation of litigation and providing legal advice from counsel regarding legal issues related to contract interpretation in connection with the second periodic pricing review.
- Entry No. 31609: June 4, 2015 email attachment prepared in anticipation of litigation and reflecting legal advice of counsel regarding legal issues related to contract interpretation in connection with the second periodic pricing review.
- Entry No. 47319: June 4, 2015 email prepared in anticipation of litigation and requesting legal advice of counsel regarding legal issues related to the pricing issues.
- Entry No. 47320: June 4, 2015 email attachment prepared in anticipation of litigation and reflecting legal advice of counsel regarding legal issues related to the pricing issues
- Entry No. 31700: June 5, 2015 email chain prepared in anticipation of litigation and providing and requesting legal advice of counsel regarding legal issues related to contract interpretation in connection with the second periodic pricing review.
- Entry No. 31701: June 5, 2015 email attachment prepared in anticipation of litigation and reflecting legal advice of counsel regarding legal issues related to contract interpretation in connection with the second periodic pricing review.
- Entry No. 47322: June 8, 2015 email chain prepared in anticipation of litigation and reflecting legal advice of counsel regarding legal issues related to the pricing issues.

3

- Entry No. 47323: June 8, 2015 email attachment prepared in anticipation of litigation and reflecting legal advice of counsel regarding legal issues related to the pricing issues.
- Entry No. 47324: June 8, 2015 email attachment prepared in anticipation of litigation and reflecting legal advice of counsel regarding legal issues related to the pricing issues.
- Entry No. 47325: June 8, 2015 email attachment prepared in anticipation of litigation and reflecting legal advice of counsel regarding legal issues related to the pricing issues.
- Entry No. 102: June 8, 2015 document prepared in anticipation of litigation and reflecting legal advice of counsel regarding legal issues related to the pricing issues.
- Entry No. 31766: June 9, 2015 email chain prepared in anticipation of litigation and providing legal advice from counsel regarding legal issues related to the pricing issues.
- Entry No. 62067: June 9, 2015 email attachment prepared in anticipation of litigation and reflecting legal advice of counsel regarding legal issues related to the pricing issues.
- Entry No. 105: June 11, 2015 document prepared in anticipation of litigation and reflecting legal advice of counsel regarding legal issues related to the pricing issues.
- Entry No. 32680: June 24, 2015 email prepared in anticipation of litigation and reflecting legal advice of counsel regarding legal issues related to the pricing issues.

Because the Court finds that ESI retained Milliman for the purpose of preparing for potential litigation, the privileges may also apply to the documents in Milliman's possession. This resolves all documents in the privilege log.

It is SO ORDERED.

Dated:   May 14, 2019
         New York, New York

_____
Edgardo Ramos, U.S.D.J.