UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHEM, INC., | |
| Plaintiff and Counter-Defendant, | Case No. 1:16-CV-2048 |
| v. | Honorable Edgardo Ramos |
| EXPRESS SCRIPTS, INC., | |
| Defendant and Counter-Plaintiff. | |

## ~~PROPOSED~~ FED. R. EVID. 502(d) NON-WAIVER ORDER

Pursuant to Federal Rule of Evidence 502(d), upon stipulation and agreement of Plaintiff, Anthem, Inc. ("Anthem"), Defendant, Express Scripts, Inc. ("Express Scripts") and third party Reed Smith, LLP ("Reed Smith" and together with Anthem and Express Scripts, "the Parties"), the Court hereby orders as follows:

WHEREAS, Express Scripts requested that Reed Smith provide written answers to written deposition questions in the above captioned action on September 17, 2019,

WHEREAS, Reed Smith is in possession of materials which Anthem and Reed Smith have designated as subject to the attorney-client privilege, work-product protection, or any other applicable statutory or common-law privilege, limitation, or immunity from disclosure (the "Privileged Materials");

WHEREAS, the Parties wish to avoid possible disputes regarding the Reed Smith use of the Privileged Materials in connection with its provision of written answers to questions propounded by Express Scripts;

WHEREAS, pursuant to Federal Rule of Evidence 502(d), the Court may enter an order that the attorney-client privilege, work-product protection, or other immunity are not waived by the review or use of privileged materials connected with the litigation pending before the Court;

WHEREAS, the Parties stipulate and agree that Reed Smith's review of Privileged Materials in preparation for providing answers to written questions shall not operate to waive any privilege or protection that may be applicable to the contents of the materials;

WHEREAS, the Parties stipulate and agree that Reed Smith's provision of any answers to Express Scripts' written questions based on a review of Privileged Materials shall not operate in any way to waive any privilege or protection that may be applicable to the contents of the materials;

NOW, THEREFORE, with the stipulation and agreement of the undersigned Parties, the Court hereby orders as follows:

1. The review or use by Reed Smith of any documents, electronically stored information, or other information in this case and/or the provision of answers to written questions shall be without prejudice to and shall not waive any attorney-client privilege or other applicable privilege, limitation or immunity, or work-product protection.

2. The review or use by Reed Smith of any documents, electronically stored information, or other information in this case and/or the provision of answers to written questions shall not constitute or be deemed a subject matter waiver or any other waiver of any claim of attorney-client privilege or other applicable privilege, limitation or immunity, and/or work product-protection that Anthem or Reed Smith have asserted or would otherwise be entitled to assert with respect to any information contained in the Privileged Materials.

3. The use of or reliance on Privileged Materials by Reed Smith in answering or formulating a response to appropriate written questions by Express Scripts shall not constitute or be deemed a subject matter waiver or other waiver of any claim of attorney-client privilege or other applicable privilege, limitation or immunity, and/or work product-protection that Anthem or Reed Smith has asserted or would otherwise be entitled to assert with respect to any information contained in the materials relied upon.

4. The non-waiver of any claims of attorney-client privilege or other applicable privilege, limitation or immunity, and/or work product protection shall apply to the litigation pending before this Court as well as any other federal, or state proceeding, currently pending or subsequently filed.

5. This Proposed Order is a compromise of disputed positions. Nothing in this Proposed Order may be used or cited by any party or person as a basis for a judicial admission, waiver, estoppel, or precedent of any kind with respect to any other matter or dispute.

6. This Proposed Order shall survive the conclusion of the above-captioned litigation and may only be modified upon a written motion to and order of this Court.

**IT IS SO ORDERED.**

Dated: December 20, 2019

_____
Honorable Edgardo Ramos

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #_____
DATE FILED: December 20, 2019